No. 23-10385-HH

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

JANUARY LITTLEJOHN; JEFFREY LITTLEJOHN,

*Plaintiffs-Appellants,*

v.

SCHOOL BOARD OF LEON COUNTY, FLORIDA; et al.,

*Defendants-Appellees.*

---

On Appeal from the United States District Court
for the Northern District of Florida
The Honorable Mark E. Walker
Case No. 4:21-cv-00415-MW-MJF

---

**UNOPPOSED MOTION FOR LEAVE TO FILE
BRIEF OF ALLIANCE DEFENDING FREEDOM
AS *AMICUS CURIAE* SUPPORTING PLAINTIFFS-
APPELLANTS' PETITION FOR REHEARING EN BANC**

---

Katherine L. Anderson
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020
kanderson@ADFlegal.org

Vincent M. Wagner
Daniel J. Grabowski
ALLIANCE DEFENDING FREEDOM
44180 Riverside Parkway
Lansdowne, Virginia 20176
(571) 707-4655
vwagner@ADFlegal.org
dgrabowski@ADFlegal.org

*Counsel for* Amicus Curiae

*January Littlejohn v. School Board of Leon County, Florida*, No. 23-10385-HH

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Under Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-3, the undersigned certifies his belief that the Certificate of Interested Persons filed with Plaintiffs-Appellants' Petition for Rehearing En Banc is complete, subject to the following amendments:

1. Grabowski, Daniel J. – Counsel for *Amicus Curiae*

The undersigned will enter this information in the Court's web-based CIP contemporaneously with filing this brief.

*Amicus curiae* Alliance Defending Freedom (ADF) is a nonprofit organization, does not have a parent corporation, and does not issue stock. ADF is unaware of any publicly owned corporation, not a party to the appeal, with a financial interest in the outcome of this case.

*/s/ Vincent M. Wagner*
Vincent M. Wagner
ALLIANCE DEFENDING FREEDOM
44180 Riverside Parkway
Lansdowne, Virginia 20176
(571) 707-4655
vwagner@ADFlegal.org

Under Federal Rule of Appellate Procedure 29(a)(2)–(3), (b)(1)–(3) and Eleventh Circuit Rules 29-1 and 29-3, Alliance Defending Freedom moves for leave to file the attached brief as *amicus curiae* in support of Plaintiffs-Appellants' petition for rehearing en banc. Plaintiffs-Appellants consent to the filing of this brief, and Defendants-Appellees do not object.

## INTEREST OF *AMICUS CURIAE*

ADF is a nonprofit, public-interest legal organization that provides strategic planning, training, funding, and litigation services. ADF works to protect certain key fundamental rights, including parents' fundamental right to direct the education, care, and upbringing of their children.

In that work, ADF represents both parents and teachers across the country challenging policies much like the one challenged by the Littlejohns. *See, e.g.*, *T.F. v. Kettle Moraine Sch. Dist.*, No. 2021CV1650, 2023 WL 6544917, at *1 (Wis. Cir. Ct. Oct. 3, 2023). ADF also regularly represents teachers and professors challenging policies that force them to use cross-gender pronouns and names in violation of their core beliefs. *See, e.g.*, *Ricard v. USD 475 Geary Cnty. Sch. Bd.*, No. 5:22-cv-04015, 2022 WL 1471372, at *1 (D. Kan. May 9, 2022). In those cases, ADF explains that it is both possible and constitutionally required to find a solution to the challenges posed by competing views of sex and gender identity that respects the rights of parents. Given its national

1

litigation on this issue, ADF has a strong interest in this case and in strengthening parents' fundamental rights.

Because of that interest, the Court granted ADF's motion to file a brief as *amicus curiae* at the panel stage. It should do the same at this stage in considering whether to hear the case en banc.

## DESIRABILITY AND RELEVANCE OF THE BRIEF

"Since an *amicus* does not represent the parties but participates only for the benefit of the court, it is solely within the discretion of the court to determine the fact, extent, and manner of [its] participation." *Newark Branch, NAACP v. Town of Harrison*, 940 F.2d 792, 808 (3d Cir. 1991) (citation omitted). But courts are "usually delighted to hear additional arguments from able amici that will help the court toward right answers." *Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 567 (1st Cir. 1999). That is particularly true when an *amicus* provides "information on matters of law about which there [is] doubt, especially in matters of public interest." *United States v. Michigan*, 940 F.2d 143, 164 (6th Cir. 1991) (citation omitted).

That is the case here. ADF and its counsel are well-suited to aid the Court in considering whether to take this case en banc to decide the critical parental-rights questions presented. Both ADF and its counsel specialize in constitutional law and are actively litigating a variety of parental-rights disputes. The contours and exercise of parental rights,

especially in the education context, are of paramount importance and interest to the public.

ADF's *amicus* brief supporting the petition for rehearing en banc is desirable and relevant for two reasons. First, it explains the disarray in the case law about whether the shocks-the-conscience test applies to all substantive-due-process claims based on executive action. This Court's cases say both that the test applies to all such claims and that it is a separate way to show a violation from the fundamental-rights analysis. That confusion on an issue of this importance warrants the full Court's consideration.

Second, ADF's *amicus* brief explains the panel majority misapplied the shocks-the-conscience test. That test must take into account the traditional scope of executive power. And executive power has never included covertly overriding fit parents' instructions regarding the care of their children. So the brief explains that Defendants' covert contravention of the Littlejohns' express instructions—by socially transitioning a 13-year-old girl to a different gender identity—shocks the conscience.

Both points will aid the Court in deciding whether to grant the petition for rehearing en banc.

3

## CONCLUSION

This Court should grant this motion for leave to file the attached brief supporting the petition for rehearing en banc.

Dated: April 30, 2025

Respectfully submitted,

Katherine L. Anderson
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020
kanderson@ADFlegal.org

*/s/ Vincent M. Wagner*
Vincent M. Wagner
Daniel J. Grabowski
ALLIANCE DEFENDING FREEDOM
44180 Riverside Parkway
Lansdowne, Virginia 20176
(571) 707-4655
vwagner@ADFlegal.org
dgrabowski@ADFlegal.org

*Counsel for* Amicus Curiae

4

## CERTIFICATE OF COMPLIANCE

This brief complies with the word-count limitation of Fed. R. App. P. 27(d)(2) because, according to the word-count feature of the program used to prepare it and excluding the items listed in Fed. R. App. P. 32(f), it contains 665 words and does not exceed 5,200 words.

This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Century Schoolbook font.

*/s/Vincent M. Wagner*
Vincent M. Wagner
*Counsel for* Amicus Curiae

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2025, I electronically filed the foregoing with the United States Court of Appeals for the Eleventh Circuit using the CM/ECF system. I certify that counsel for all parties in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/Vincent M. Wagner*
Vincent M. Wagner
*Counsel for* Amicus Curiae
