**No. 23-10385-HH**

# In the United States Court of Appeals for the Eleventh Circuit

JANUARY LITTLEJOHN and JEFFREY LITTLEJOHN,
Plaintiff-Appellants,
v.
SCHOOL BOARD OF LEON COUNTY, *et al.*,
Defendants-Appellees.

On Appeal from the United States District Court
for the Northern District of Florida, Tallahassee Division,
No. 4:21cv415-MW-MJF

**BRIEF *AMICI CURIAE* OF THE FAMILY FOUNDATION, ILLINOIS FAMILY INSTITUTE, CONCERNED WOMEN FOR AMERICA, NATIONAL LEGAL FOUNDATION, and PACIFIC JUSTICE INSTITUTE IN SUPPORT OF APPELLANTS' PETITION FOR REHEARING *EN BANC***

Frederick W. Claybrook, Jr.
Claybrook LLC
655 15th St., NW, Ste. 425
Washington, D.C. 20005
(301) 622-0360
rick@claybrooklaw.com

Steven W. Fitschen
  (Counsel of Record)
National Legal Foundation
524 Johnstown Road
Chesapeake, Va. 23322
(757) 650-9210
sfitschen@nationallegalfoundation.org

Counsel for *Amici Curiae*

*Littlejohn v. School Board of Leon County, Florida*
Case No. 23-10385-HH

**CERTIFICATE OF INTERESTED PERSONS
and CORPORATE DISCLOSURE STATEMENT**

None of the *Amici Curiae* have issued shares to the public, and none have a

parent company, subsidiary, or affiliate that has issued shares to the public. Thus,

no publicly held company can own more than 10% of stock of any *Amicus Curiae*.

Pursuant to this Court's Local Rules 26.1-1 through 26.1-3, *Amici Curiae* certify

that the name of each person, attorney, association of persons, firm, law firm,

partnership, nonprofit organization, and corporation that has or may have an

interest in the outcome of this action — including subsidiaries, conglomerates,

affiliates, parent corporations, publicly-traded companies that own 10% or more of

a party's stock, and all other identifiable legal entities related to any party in the

case is limited to the following:

1.  Able Americans - Amicus Curiae

2.  Advancing American Freedom, Inc. - Amicus Curiae

3.  Alabama Center for Law and Liberty - Amicus Curiae

4.  Alliance Defending Freedom - Amicus Curiae

5.  American Principles Project - Amicus Curiae

6.  American Values - Amicus Curiae

7.  Anderson, Katherine L. - Counsel for Amicus Curiae

8.  Anderson, PhD, Dr. Erica E. - Amicus Curiae

*Littlejohn v. School Board of Leon County, Florida*
Case No. 23-10385-HH

9.  Antonin Scalia Law School Supreme Court Clinic - Counsel for Appellants

10. Bell, Daniel W. - Counsel for Amicus Curiae

11. Berg, Luke N. - Counsel for Amicus Curiae

12. Broyles, Vernadette – Counsel for Appellants

13. Center for Political Renewal - Amicus Curiae

14. Center for Urban Renewal and Education (CURE) - Amicus Curiae

15. Child and Parental Rights Campaign – Counsel for Appellants

16. Christian Law Association - Amicus Curiae

17. Christians Engaged - Amicus Curiae

18. Clark, Matthew J. - Counsel for Amicus Curiae

19. Claybrook LLC - Counsel for Amicus Curiae

20. Claybrook, Jr., Frederick W. - Counsel for Amicus Curiae

21. Coalition for Jewish Values - Amicus Curiae

22. Concerned Women for America - Amicus Curiae

23. Congresswoman Vicky Hartzler - Amicus Curiae

24. Consovoy McCarthy PLLC – Counsel for Appellants

25. Cornwall Alliance for the Stewardship of Creation - Amicus Curiae

26. Corrigan, Christian B. - Counsel for Amicus Curiae

27. Delaware Family Policy Council - Amicus Curiae

28. Dewart, Deborah J. - Counsel for Amicus Curiae

*Littlejohn v. School Board of Leon County, Florida*
Case No. 23-10385-HH

29. Dhillon Law Group, Inc. - Counsel for Amicus Curiae

30. Dr. James Dobson Family Institute - Amicus Curiae

31. Eagle Forum - Amicus Curiae

32. Estrada, William A. - Counsel for Amicus Curiae

33. Ethics & Public Policy Center - Counsel for Amicus Curiae

34. Faith and Freedom Coalition - Amicus Curiae

35. Family Foundation - Amicus Curiae

36. Family Policy Institute of Washington - Amicus Curiae

37. First Liberty Institute - Counsel for Amicus Curiae

38. Fitschen, Steven W. - Counsel for Amicus Curiae

39. Frontline Policy Action - Amicus Curiae

40. Global Liberty Alliance - Amicus Curiae

41. Goldwater Institute - Amicus Curiae

42. Hanna, Rocky - Appellee

43. Harmon, Terry J. - Counsel for Appellee

44. Hetzel, Jeffrey S. - Counsel for Appellants

45. Illinois Family Institute - Amicus Curiae

46. Institute for Faith and Family - Amicus Curiae

47. International Conference of Evangelical Chaplain Endorsers - Amicus Curiae

48. Jones, Darryl - School Board Member

*Littlejohn v. School Board of Leon County, Florida*
Case No. 23-10385-HH

49. Kniffin, Eric N. - Counsel for Amicus Curiae

50. Knudsen, Austin - Counsel for Amicus Curiae

51. Lawkowski, Gary M. - Counsel for Amicus Curiae

52. Lawson Cox, Laurie - School Board Member

53. Littlejohn, January - Appellant

54. Littlejohn, Jeffrey - Appellant

55. Manhattan Institute - Amicus Curiae

56. Martinez, Abigail - Amicus Curiae

57. Mateer, Jeffrey C. - Counsel for Amicus Curiae

58. McAlister, Mary – Counsel for Appellants

59. Meehan, Taylor A.R. - Counsel for Appellants

60. Missouri Center-Right Coalition - Amicus Curiae

61. Moody, Ashley - Counsel for Amicus Curiae

62. National Association of Parents, Inc. d/b/a Parents USA (or) National

63. Association of Parents, Inc. d/b/a ("ParentsUSA") - Amicus Curiae

64. National Center for Public Policy Research - Amicus Curiae

65. National Legal Foundation - Amicus Curiae

66. National Religious Broadcasters - Amicus Curiae

67. New Jersey Family Policy Center - Amicus Curiae

68. New Mexico Family Action Movement - Amicus Curiae

*Littlejohn v. School Board of Leon County, Florida*
Case No. 23-10385-HH

69. Nicolas, Marcus - School Board Member

70. Norris, Cameron T. - Counsel for Appellants

71. Oliveri, Robin - Appellee

72. Our Duty - Amicus Curiae

73. Pacific Justice Institute - Amicus Curiae

74. Parental Rights Foundation - Amicus Curiae

75. Project 21 Black Leadership Network - Amicus Curiae

76. Randall, Holly M. - Counsel for Amicus Curiae

77. Rodgers, Kathleen - Appellee

78. Russell Kirk Center for Cultural Renewal - Amicus Curiae

79. Russell, Keisha T. - Counsel for Amicus Curiae

80. Sandefur, Timothy - Counsel for Amicus Curiae

81. Sapir, Dr. Leor - Amicus Curiae

82. Sarelson, Matthew - Counsel for Amicus Curiae

83. Scharf-Norton Center for Constitutional Litigation - Counsel for Amicus Curiae

84. School Board of Leon County – Appellee

85. Seideman, Tina - Counsel for Amicus Curiae

86. Shapiro, Ilya - Counsel for Amicus Curiae

87. Shelton, Adam C. - Counsel for Amicus Curiae

*Littlejohn v. School Board of Leon County, Florida*
Case No. 23-10385-HH

88. Slanker, Jeffrey D. - Counsel for Appellees

89. Sniffen & Spellman, P.A. - Counsel for Appellees

90. Spellman, Michael – Counsel for Appellees

91. State of Montana, Florida and 19 Other States - Amicus Curiae

92. Students for Life of America - Amicus Curiae

93. Swafford Smith, Alva - School Board Member

94. The Center for American Liberty - Amicus Curiae

95. The Justice Foundation - Amicus Curiae

96. Thomas, Rachel - Appellee

97. Toney, Kayla A. - Counsel for Amicus Curiae

98. Torstensen, Jr., Peter M. - Counsel for Amicus Curiae

99. Trakas, Ernest – Counsel for Appellants

100. Wagner, Vincent M. - Counsel for Amicus Curiae

101. Walker, Hon. Mark E. – Chief U.S. District Court Judge

102. Wheat, J. Marc - Counsel for Amicus Curiae

103. Whitaker, Henry C. - Counsel for Amicus Curiae

104. Wood, Rosanne - School Board Member

105. Young America's Foundation - Amicus Curiae

## Table of Contents

Table of Authorities .................................................................................... ii

Statements of Interest of *Amici Curiae* ...................................................1

Summary of Argument ...............................................................................3

Argument .....................................................................................................3

    I.    The Panel Decision Conflicts with This and Other
            Circuit's Precedents, as well as That of the Supreme Court,
            by Applying the "Shock the Conscience" Test to Violations
            of Fundamental Rights ...............................................................3

    II.   The Panel Decision Creates an Irrational Result,
            Applying a Strict Scrutiny Test to a Challenge to the
            *Potential* Application of a Policy Violating Fundamental
            Rights but a Lesser Standard When That Policy Has *Actually*
            Been Applied to Violate Fundamental Rights ............................6

    III.  Even If the "Shock the Conscience" Test Were Properly
            Applied to These Facts, the Violation of Fundamental
            Parental Rights Here Satisfies That Test ..................................7

Conclusion ..................................................................................................9

i

## Table of Authorities

<u>Cases</u>

*Abdi v. Wray*,
    942 F.3d 1019 (10th Cir. 2019) ............................................................... 7

*Cnty. of Sacramento v. Lewis*,
    523 U.S. 833 (1998) ............................................................... 4, 5, 6, 8

*Doe v. Heck*,
    327 F.3d 492 (7th Cir. 2003) ............................................................... 9

*Dubbs v. Head Start, Inc.*,
    336 F.3d 1194 (10th Cir. 2003) ............................................................... 7

*Foote v. Ludlow Sch. Comm.*,
    No. 23-1069 (1st Cir. 2025) ............................................................... 4

*Harrah Ind. Sch. Dist. v. Martin*
    440 U.S. 194 (1979) ............................................................... 5, 6

*Kenyon v. Cedeno-Rivera*,
    47 F.4th 12 (1st Cir. 2022) ............................................................... 4

*Lewis v. Brown*,
    409 F. 3d 1271 (11th Cir. 2005) ............................................................... 6

*Littlejohn v. Sch. Bd. of Leon Cnty.*,
    No. 23-10385 (11th Cir. 2025) ............................................................... 4, 6

*Mass. Bd. of Retirement v. Murgia*,
    427 U.S. 307 (1976) ............................................................... 6

*McKinney vs. Pate*,
    20 F.3d 1550 (11th Cir. 1994) ............................................................... 6

*Parents Protecting Our Children, UA v. Eau Claire Pub. Sch. Dist.*,
    145 S. Ct. 14 (2024) ............................................................... 7

*Parham v. J.R.*,
　442 U.S. 584 (1979) ........................................................................8, 9

*Price v. Comm., Ala. Depart. of Corr.*,
　920 F.3d 1317 (11th Cir. 2019) .........................................................3, 4

*Reno v. Flores*,
　507 U.S. 292 (1993)............................................................................5

*Ricard v. USD 475 Geary Cnty., KS Sch. Bd.*,
　2022 WL 1471372 (D. Kan. May 9, 2022).............................................9

*Tatel v. Mt. Lebanon Sch. Dist.*,
　2022 WL 15523185 (W.D. Pa. Oct. 27, 2022)........................................7

*Troxel v. Granville*,
　530 U.S. 57 (2000)..........................................................................5, 9

*Washington v. Glucksberg*,
　521 U.S. 702 (1997)............................................................................5

*Willey v. Sweetwater Cnty. Sch. Dist. No. 1*,
　680 F. Supp. 3d 1250 (D. Wyo. 2023) ..................................................7

**Statements of Interest of *Amici Curiae*[1]**

The Family Foundation (TFF) is a Virginia non-partisan, non-profit organization committed to promoting strong family values and defending the sanctity of human life in Virginia through its citizen advocacy and education. TFF serves as the largest pro-family advocacy organization in Virginia, and its interest in this case is derived directly from its members throughout Virginia who seek to advance a culture in which children are valued, religious liberty thrives, and marriage and families flourish.

The Illinois Family Institute (IFI) is a non-profit educational and lobbying organization based in Tinley Park, Illinois, that exists to advance life, faith, family, and religious freedom in public policy and culture from a Christian worldview. A core value of IFI is to uphold religious freedom and conscience rights for all individuals and organizations.

Concerned Women for America (CWA) is the largest public policy organization for women in the United States, with approximately half a million

---

[1] No counsel for any party authored this brief in whole or in part. No person or entity other than *amici* and their counsel made a monetary contribution intended to fund the preparation or submission of this brief. This Brief is accompanied by a Motion for Leave to File the Brief. Nonetheless, Amici have contacted both parties. The Plaintiffs-Appellants have affirmatively consented. Defendants-Appellees have stated that they do not object to the Brief.

supporters from all 50 States.  Through its grassroots organization, CWA encourages policies that strengthen women and families and advocates for the traditional virtues that are central to America's cultural health and welfare, including religious liberties.  CWA actively promotes legislation, education, and policymaking consistent with its philosophy.  Its members are people whose voices are often overlooked—everyday, middle-class American women whose views are not represented by the powerful elite.

The National Legal Foundation (NLF) is a public interest law firm dedicated to the defense of First Amendment liberties (including the freedoms of speech, assembly, and religion) and parental rights.  The NLF and its donors and supporters, in particular those from Florida, are vitally concerned with the outcome of this case because of its effect on religion-based parental rights.

The Pacific Justice Institute (PJI) is a non-profit legal organization established under section 501(c)(3) of the Internal Revenue Code.  Since its founding in 1997, PJI has advised and represented in court and administrative proceedings thousands of individuals, businesses, and religious institutions, particularly in the realm of First Amendment rights.  As such, PJI has a strong interest in the development of the law in this area.  PJI often represents teachers, parents, and their children to vindicate their constitutional rights in the public schools.  PJI has an office and operates in Florida.

## Summary of Argument

This case merits consideration of the entire Court for two principal reasons. First, the issue of what standard of review governs when violations of fundamental rights are alleged is of critical importance, and the Panel has resolved it here inconsistently with precedent of the Supreme Court, this Court, and other circuit courts. The Panel's resolution produces an irrational result, applying the normal, three-tiered standard of review when a school policy is prospectively or facially challenged, but easing the burden for the State when that policy is actually applied to violate fundamental rights. Second, the situation involved in this case is of critical importance. Whatever standard this Court applies, the Leon County public schools' usurpation of the fundamental rights and duties of parents to direct the care and upbringing of their minor children should not be allowed to stand.

## Argument

## I.  The Panel Decision Conflicts with This and Other Circuit's Precedents, as Well as That of the Supreme Court, by Applying the "Shock the Conscience" Test to Violations of Fundamental Rights

This Court, like other courts of appeals, has applied the normal, three-tiered standard of review when plaintiffs allege that policies violate fundamental rights. For example, in *Price v. Commissioner, Alabama Department of Corrections*, 920 F.3d 1317 (11th Cir. 2019), in which a death row inmate challenged the application of a state law to him on Eighth Amendment grounds, this Court ruled, "if the law

3

impinges on a fundamental right, it is subject to strict scrutiny." *Id.* at 1323 (citations omitted). The First Circuit in *Foote v. Ludlow School Committee*, No. 23-1069, slip op. at *16-20 (1st Cir. Feb. 18, 2025), in a case factually nearly identical to this, held that application of a school's gender identity policy to hide how school officials were treating the parents' minor child was more akin to legislative than executive action, rejecting the applicability of the "shock the conscience" test. As that court held in a prior case, "[G]enerally speaking, under the federal Due Process Clause, a state action will be reviewed for strict scrutiny . . . where it interferes with a fundamental right . . . ." *Kenyon v. Cedeno-Rivera*, 47 F.4th 12, 24 (1st Cir. 2022).

The Panel instead applied the "shock the conscience" standard, labeling the actual application of the challenged policy an executive action, relying on *County of Sacramento v. Lewis*, 523 U.S. 833 (1998). The Panel overread *County of Sacramento*. As Judge Tjoflat noted, that case did not involve, as here, violations of fundamental rights, but, instead, was a tort case for which the plaintiff argued that the police officer's conduct was so egregious that it denied substantive due process. *Id.* at 848-50; *see Littlejohn v. Sch. Bd. of Leon Cnty.*, No. 23-10385, slip op. at *18-25 (11th Cir. Mar. 12, 2025). (Tjoflat, J., dissenting) (separately paginated). As a result, nothing in *County of Sacramento* can be binding in this fundamental rights case.

4

This is not a situation, like *County of Sacramento*, where there is a risk of converting the Fourteenth Amendment's guarantees into a national tort law.  *See* 523 U.S. at 848.  This case deals with fundamental rights that long predate the Constitution itself and that have long been protected under the Fourteenth Amendment.  *See Troxel v. Granville*, 530 U.S. 57, 65 (2000) (O'Connor, J.) ("The liberty interest . . . of parents in the care, custody, and control of their children [ ] is perhaps the oldest of the fundamental liberty interests recognized by this Court.").  Indeed previously, in *Washington v. Glucksberg*, 521 U.S. 702 (1997), the Supreme Court, after identifying parental rights as among the most fundamental of liberty interests protected by the Fourteenth Amendment, had noted that no infringement of them is permitted "*at all*" unless it "is narrowly tailored to serve a compelling state interest."  *Id.* at 721 (emphasis in original; punctuation conformed) (quoting *Reno v. Flores*, 507 U.S. 292, 302 (1993)).

Moreover, it has long been established that school board actions like those challenged here are deemed legislative in nature.  For example, in *Harrah Independent School District v. Martin*, 440 U.S. 194 (1979), the Supreme Court, in addressing a substantive due process challenge to a school board's rule, stated that it was "endowed with a presumption of *legislative* validity" and decided which of the three levels of scrutiny to apply, rather than applying the "shock the

conscience" standard for executive actions that do not involve fundamental rights. *Id.* at 198-99 (emphasis added).

## II. The Panel Decision Creates an Irrational Result, Applying a Strict Scrutiny Test to a Challenge to the *Potential* Application of a Policy Violating Fundamental Rights but a Lesser Standard When That Policy Has *Actually* Been Applied to Violate Fundamental Rights

That the Panel overread *County of Sacramento* is obvious from the counterintuitive result that its ruling engenders.  The Panel admits, as it must, that, if the challenge had been to the policy itself, the normal standard of review would apply.  *Littlejohn*, supra at *19 & n.8; *see also Mass. Bd. of Retirement v. Murgia,* 427 U.S. 307, 312-14 (1976) (applying normal standard of review to legislative actions); *Lewis v. Brown*, 409 F. 3d 1271, 1273 (11th Cir. 2005) (comparing executive and legislative actions for substantive due process review purposes); *McKinney vs. Pate*, 20 F.3d 1550, 1556-57 (11th Cir. 1994) (noting difference between state law tort cases and violations of fundamental federal rights). If anything, a challenge to the actual application of a policy to an individual deprived of fundamental rights should command a higher standard of review than a facial challenge.  But under the Panel's reasoning, the opposite occurs:  by complaining about a policy's actual application, the State's burden is lessened by application of the "shocks the conscience" standard.  This obviously is neither logical nor just.  Other circuits have avoided this inconsistency by recognizing that application of a broad-based policy, even if done by a specific government official

6

to a specific individual, requires application of the normal test, not the "shocks the conscience" test.  *See, e.g.*, *Abdi v. Wray*, 942 F.3d 1019, 1027-28 (10th Cir. 2019) (declining to apply the "shocks the conscience" test when a plaintiff challenged the FBI's "No-Fly List," an executive policy akin to a legislative act); *Dubbs v. Head Start, Inc*., 336 F.3d 1194, 1202-03 (10th Cir. 2003) (reversing district court's use of "shock the conscience" standard when parents challenged application of regulation); *see also Tatel v. Mt. Lebanon Sch. Dist.,* 2022 WL 15523185 (W.D. Pa. Oct. 27, 2022) (applying level of scrutiny analysis in challenge to application of school policy on gender transition).

### III.    Even If the "Shock the Conscience" Test Were Properly Applied to These Facts, the Violation of Fundamental Parental Rights Here Satisfies That Test

No matter the standard applied, this case also involves a situation that demands plenary review by this Court.  Justice Alito, when dissenting from denial of the petition for certiorari in *Parents Protecting Our Children, UA v. Eau Claire Public School District*, 145 S. Ct. 14 (2024), noted that school policies that hide from parents that the schools are helping their children transition genders, even disregarding parental instructions about how to deal with conditions that affect their children's mental health, have proliferated across the country.  *Id.*

Violating fundamental parental rights in this way does, indeed, shock the conscience.  *See Willey v. Sweetwater Cnty. Sch. Dist. No. 1*, 680 F. Supp. 3d 1250,

7

1279-80 (D. Wyo. 2023) (finding similar gender policy shocks the conscience).

Parents have "broad parental authority over minor children," and the Supreme

Court has "rejected any notion that a child is the mere creature of the state."

*Parham v. J.R.* 442 U.S. 584, 602 (1979) (internal quotes omitted).

The Supreme Court in *County of Sacramento* when describing the "shock

the conscience" test in various scenarios emphasized that it could be demonstrated

when state actors have time to consider their actions or inactions and yet act with

deliberate indifference to the rights of those affected. *See* 523 U.S. at 848-54. This

case fits in exactly that mold: the public school officials not only had time to

deliberate about whether to violate parental rights, they crafted a policy to do just

that. Their action was deliberate and calculated to substitute their opinions on how

to best care for the minor child for those of the child's parents.

It bears emphasis that federal judges are not being asked in this and similar

cases to weigh the competing opinions roiling our country about the wisdom of

gender transitioning and to decide whether the decision the school has made for a

minor is in the realm of reason, as if the schools and the parents were on equal

footing when it comes to deciding the proper care for minors. Such decisions are

for *parents* to make for their minor children. When schools decide they will usurp

that parental role, federal judges must apply the *law*, which provides that it is

*parents* who are charged to make such decisions for their minor children. *Id*. The

8

*law* provides that a State official's disagreement with a fit parent's decision on such matters is entitled to *no weight whatsoever*. As Justice Thomas stated in *Troxel*, second-guessing a fit parent's decision about socialization of their child is not a legitimate governmental interest. 530 U.S. at 80 (Thomas, J., concurring.)

The interest being proffered by the school district is to protect the students from their parents at home and to insulate the child's decision at school from the parents at home. This does not state a legitimate interest, because parents are the ones with the responsibility to make decisions for their minor children and are assumed, *as a matter of law*, to act in their children's best interests. *See id.* at 65-66 (O'Connor, J.); *Parham*, 442 U.S. at 602-04; *Doe v. Heck*, 327 F.3d 492, 521 (7th Cir. 2003); *Ricard v. USD 475 Geary Cnty., KS Sch. Bd.*, 2022 WL 1471372 at *8 (D. Kan. May 9, 2022). This usurpation of parental rights by the school board blatantly violates over 100 years of Supreme Court precedent, shocks the conscience, and cannot be justified under even a rational basis test.

## Conclusion

This Court should grant the petition for *en banc* review.

Respectfully submitted,
this 24th day of April, 2025

/s/ Steven W. Fitschen
Steven W. Fitschen
   (Counsel of Record)
National Legal Foundation
524 Johnstown Road

9

Chesapeake, Va. 23322
(757) 650-9210
sfitschen@nationallegalfoundation.org

Frederick W. Claybrook, Jr.
Claybrook LLC
655 15th St., N.W., Ste. 425
Washington, D.C.  20005
(301) 622-0360

Counsel for *Amici Curiae*

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitations of F.R.A.P. 32(a)7(B)(i) and F.R.A.P. 29(a)(5).  Exclusive of the exempted portions, this brief contains 2,068 words, including footnotes, in 14-point Times New Roman font. This total was calculated with the Word Count function of Microsoft Office Word 365.


/s/ Steven W. Fitschen
Steven W. Fitschen
        Counsel of Record for *Amici Curiae*
National Legal Foundation
524 Johnstown Road
Chesapeake, Va. 23322
(757) 650-9210
sfitschen@nationallegalfoundation.org

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2025, I served the foregoing Brief *Amici Curiae* of The Family Foundation, *et al.*, on all Counsel through the CM/ECF system. I certify that all Counsel in the case are registered CM/ECF users.

/s/ Steven W. Fitschen
Steven W. Fitschen
    Counsel of Record for *Amici Curiae*
National Legal Foundation
524 Johnstown Road
Chesapeake, Va. 23322
(757) 650-9210
sfitschen@nationallegalfoundation.org