No. 23-10385-HH

# United States Court of Appeals
# for the Eleventh Circuit

JANUARY LITTLEJOHN,
JEFFREY LITTLEJOHN,

*Plaintiffs-Appellants,*

– v. –

SCHOOL BOARD OF LEON COUNTY, FLORIDA, *et al.*,

*Defendants-Appellees.*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA, CASE NO: 9:12-cv-80829-DMM

BRIEF IN SUPPORT OF PLAINTIFFS-APPELLANTS OF *AMICI CURIAE* ADVANCING AMERICAN FREEDOM, INC.; ABLE AMERICANS; AFA ACTION; AMERICAN PRINCIPLES PROJECT; AMERICAN VALUES; ASSOCIATION OF MATURE AMERICAN CITIZENS ACTION; CENTER FOR POLITICAL RENEWAL; CENTER FOR URBAN RENEWAL AND EDUCATION (CURE); CHRISTIAN LAW ASSOCIATION; CHRISTIAN MEDICAL & DENTAL ASSOCIATIONS; CHRISTIANS ENGAGED; COALITION FOR JEWISH VALUES; CORNWALL ALLIANCE FOR THE STEWARDSHIP OF CREATION; DEFENSE OF FREEDOM INSTITUTE FOR POLICY STUDIES; EAGLE FORUM; FAITH AND FREEDOM COALITION; FAMILY POLICY ALLIANCE; FAMILY POLICY INSTITUTE OF WASHINGTON; FRONTLINE POLICY ACTION;

[*Additional Amici Listed Inside Cover*]

J. MARC WHEAT
  *Counsel of Record*
ADVANCING AMERICAN FREEDOM, INC.
801 Pennsylvania Avenue, N.W., Suite 930
Washington, D.C. 20004
(202) 780-4848
MWheat@advancingamericanfreedom.com

APRIL 29, 2025

*Counsel for Amici Curiae*

GLOBAL LIBERTY ALLIANCE; CONGRESSWOMAN (2013-2022) VICKY HARTZLER; INTERCESSORS FOR AMERICA; INTERNATIONAL CONFERENCE OF EVANGELICAL CHAPLAIN ENDORSERS; JAMES DOBSON FAMILY INSTITUTE; JCCWATCH.ORG; TIM JONES, FORMER SPEAKER, MISSOURI HOUSE, CHAIRMAN, MISSOURI CENTER-RIGHT COALITION; MARYLAND FAMILY INSTITUTE; MEN AND WOMEN FOR A REPRESENTATIVE DEMOCRACY IN AMERICA, INC.; NATIONAL APOSTOLIC CHRISTIAN LEADERSHIP CONFERENCE; NATIONAL ASSOCIATION OF PARENTS (D/B/A "PARENTSUSA"); NATIONAL CENTER FOR PUBLIC POLICY RESEARCH; NATIONAL RELIGIOUS BROADCASTERS; NEVADA POLICY; NEW JERSEY FAMILY POLICY CENTER; NEW YORK STATE CONSERVATIVE PARTY; NEW MEXICO FAMILY ACTION MOVEMENT; MELISSA ORTIZ, PRINCIPAL & FOUNDER, CAPABILITY CONSULTING; RUSSELL KIRK CENTER FOR CULTURAL RENEWAL; SETTING THINGS RIGHT; SOUTHEASTERN LEGAL FOUNDATION; STAND FOR GEORGIA VALUES ACTION; STUDENTS FOR LIFE OF AMERICA; THE INSTITUTE FOR FAITH & FAMILY; TRADITION, FAMILY, PROPERTY, INC.; WISCONSIN FAMILY ACTION, INC.; WOMEN FOR DEMOCRACY IN AMERICA, INC.; YANKEE INSTITUTE; AND YOUNG AMERICA'S FOUNDATION

No. 23-10385
*January Littlejohn, et al. v. School Board of Leon County Florida, et al.*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to the Eleventh Circuit rules, the following persons and corporation have an interest in the outcome of this appeal:

1)    Advancing American Freedom, Inc., Amicus Curiae

2)    Able Americans, Amicus Curiae

3)    AFA Action, Amicus Curiae

4)    American Principles Project, Amicus Curiae

5)    American Values, Amicus Curiae

6)    Association of Mature American Citizens Action, Amicus Curiae

7)    Center for Political Renewal, Amicus Curiae

8)    Center for Urban Renewal and Education (CURE), Amicus Curiae

9)    Christian Law Association, Amicus Curiae

10)   Christian Medical & Dental Associations, Amicus Curiae

11)   Christians Engaged, Amicus Curiae

12)   Coalition for Jewish Values, Amicus Curiae

13)   Cornwall Alliance for the Stewardship of Creation, Amicus Curiae

14)   Defense of Freedom Institute for Policy Studies, Amicus Curiae

15)   Eagle Forum, Amicus Curiae

16)   Faith and Freedom Coalition, Amicus Curiae

No. 23-10385
*January Littlejohn, et al. v. School Board of Leon County Florida, et al.*

17) Family Policy Alliance, Amicus Curiae

18) Family Policy Institute of Washington, Amicus Curiae

19) Frontline Policy Action, Amicus Curiae

20) Global Liberty Alliance, Amicus Curiae

21) Congresswoman (2013-2022) Vicky Hartzler, Amicus Curiae

22) Intercessors for America, Amicus Curiae

23) International Conference of Evangelical Chaplain Endorsers, Amicus Curiae

24) James Dobson Family Institute, Amicus Curiae

25) JCCWatch.org, Amicus Curiae

26) Tim Jones, Former Speaker, Missouri House, Chairman, Missouri Center-Right Coalition, Amicus Curiae

27) Maryland Family Institute, Amicus Curiae

28) Men and Women for a Representative Democracy in America, Inc., Amicus Curiae

29) National Apostolic Christian Leadership Conference, Amicus Curiae

30) National Association of Parents (d/b/a "ParentsUSA"), Amicus Curiae

31) National Center for Public Policy Research, Amicus Curiae

32) National Religious Broadcasters, Amicus Curiae

33) Nevada Policy, Amicus Curiae

No. 23-10385

*January Littlejohn, et al. v. School Board of Leon County Florida, et al.*

34)  New Jersey Family Policy Center, Amicus Curiae

35)  New York State Conservative Party, Amicus Curiae

36)  New Mexico Family Action Movement, Amicus Curiae

37)  Melissa Ortiz, Principal & Founder, Capability Consulting, Amicus Curiae

38)  Russell Kirk Center for Cultural Renewal, Amicus Curiae

39)  Setting Things Right, Amicus Curiae

40)  Southeastern Legal Foundation, Amicus Curiae

41)  Stand for Georgia Values Action, Amicus Curiae

42)  Students for Life of America, Amicus Curiae

43)  The Institute for Faith & Family, Amicus Curiae

44)  Tradition, Family, Property, Inc., Amicus Curiae

45)  Wisconsin Family Action, Inc., Amicus Curiae

46)  Women for Democracy in America, Inc., Amicus Curiae

47)  Yankee Institute, Amicus Curiae,

48)  Young America's Foundation

49)  J. Marc Wheat, Counsel for Amicus Curiae

The amici curiae Advancing American Freedom, Inc.; Able Americans; AFA Action; American Principles Project; American Values; Association of Mature American Citizens Action; Center for Political Renewal; Center for Urban Renewal

and Education (CURE); Christian Law Association; Christian Medical & Dental Associations; Christians Engaged; Coalition for Jewish Values; Cornwall Alliance for the Stewardship of Creation; Defense of Freedom Institute for Policy Studies; Eagle Forum; Faith and Freedom Coalition; Family Policy Alliance; Family Policy Institute of Washington; Frontline Policy Action; Global Liberty Alliance; Congresswoman (2013-2022) Vicky Hartzler; Intercessors for America; International Conference of Evangelical Chaplain Endorsers; James Dobson Family Institute; JCCWatch.org; Tim Jones, Former Speaker, Missouri House, Chairman, Missouri Center-Right Coalition; Maryland Family Institute; Men and Women for a Representative Democracy in America, Inc.; National Apostolic Christian Leadership Conference; National Association of Parents (d/b/a "ParentsUSA"); National Center for Public Policy Research; National Religious Broadcasters; Nevada Policy; New Jersey Family Policy Center; New York State Conservative Party; New Mexico Family Action Movement; Melissa Ortiz, Principal & Founder, Capability Consulting; Russell Kirk Center for Cultural Renewal; Setting Things Right; Southeastern Legal Foundation; Stand for Georgia Values Action; Students for Life of America; The Institute for Faith & Family; Tradition, Family, Property, Inc.; Wisconsin Family Action, Inc.; Women for Democracy in America, Inc.; Yankee Institute; and Young America's Foundation are nonprofit corporations. They do not issue stock and are neither owned by nor are the owners of any other corporate

*No. 23-10385*
*January Littlejohn, et al. v. School Board of Leon County Florida, et al.*

entity, in part or in whole. They have no parent companies, subsidiaries, affiliates, or members that have issued shares or debt securities to the public. The corporations are operated by volunteer boards of directors.

Respectfully submitted,

/s/ J. Marc Wheat
J. MARC WHEAT
    *Counsel of Record*
ADVANCING AMERICAN FREEDOM, INC.
801 Pennsylvania Avenue, N.W., Suite 930
Washington, D.C. 20004
(202) 780-4848
MWheat@advancingamericanfreedom.com

*Counsel for Amicus Curiae*

## TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS AND
   CORPORATE DISCLOSURE STATEMENT...........................................C-1

TABLE OF AUTHORITIES ................................................................... ii

STATEMENT OF INTEREST OF *AMICI CURIAE* ...............................................1

SUITABILITY FOR EN BANC REVIEW....................................................4

STATEMENT OF THE ISSUES MERITING EN BANC CONSIDERATION......5

STATEMENT OF FACTS ......................................................................6

ARGUMENT ........................................................................................8

    I.    The Actions of the Leon County Schools' Officials in this
   Case Flout the Fundamental Right of Parents to Direct the
   Upbringing, Education, and Care of Their Children............................8

        A.    The Supreme Court, this Court, and the Supreme Court
      of Florida have all recognized the fundamentality of
      parental rights in the education and raising of children..............8

        B.    The significance of the disregard of parental rights in
      this case is evident when compared to the significant
      parental involvement in the schools' administration
      of medication to students ...........................................................11

CONCLUSION......................................................................................14

CERTIFICATE OF COMPLIANCE....................................................15

CERTIFICATE OF SERVICE .............................................................16

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Arnold v. Board of Education*,
880 F.2d 305 (11th Cir. 1989) ................................................................9

\* *Meyer v. Nebraska*,
262 U.S. 390 (1923) ........................................................... 4, 9, 10

*Parham v. J. R.*,
442 U.S. 584 (1979) ................................................................4, 13

\* *Pierce v. Society of Sisters*,
268 U.S. 510 (1925) ........................................................... 4, 9, 10

*Prince v. Commonwealth of Massachusetts*,
321 U.S. 158 (1944) ................................................................10

*Quilloin v. Walcott*,
434 U.S. 246 (1978) ................................................................12

*Smith v. Organization of Foster Families*,
431 U.S. 816 (1977) ................................................................10

*Von Eiff v. Azicri*,
720 So. 2d 510 (Fla. 1998) ................................................... 8-9

*W.W. v. Dep't of Children & Families*,
218 So. 3d 490 (Fla. 1st Dist., 2017) ......................................9

*Wisconsin v. Yoder*,
406 U.S. 205 (1972) ................................................................9, 10

**Constitutional Provisions and Statutes:**

U.S. Const., amend. I ................................................................9

U.S. Const., amend. XIV ................................................................9

**Rules:**

Fed. R. App. P. 29(a)(4)(3) ................................................................1

**Other Authorities:**

*A Nation at Risk* 5 (1983)..............................................................................7

Virginia Aabram, *Secretary of Education Betsy DeVos Speaks at Hillsdale*,
(Oct. 22, 2022)..........................................................................................13

The Federalist No. 48 (James Madison) (George W. Carey and James
McClellan, eds., The Liberty Fund 2001) ..............................................14

Edwin J. Feulner, Jr., *Conservatives Stalk the House: The Story of the
Republican Study Committee* (Green Hill Publishers, Inc. 1983).........1

*LCS Lesbian, Gay, Bisexual, Transgender, Gender Nonconforming and
Questioning Support Guide*, Leon County Schools,
https://www.politico.com/f/?id=0000017f-d30b-d9e9-a57f-d38b05900000
(last visited Apr. 28, 2025) ......................................................................7

*Leon County Schools Medication Permission Form*, Leon County Schools,
https://www.leonschools.net/cms/lib/FL01903265/Centricity/Domain/109
1/Medication-Permission-form.pdf (last visited April 28, 2025).........11

## STATEMENT OF INTEREST OF *AMICI CURIAE*

Advancing American Freedom, Inc., ("AAF") states under FRAP 29(a)(4)(3) that no counsel for a party other than AAF authored this brief in whole or in part, and no counsel or party other than AAF made a monetary contribution intended to fund the preparation or submission of this brief. No person other than amicus or its counsel made a monetary contribution to its preparation or submission.

Advancing American Freedom (AAF) is a nonprofit organization that promotes and defends policies that elevate traditional American values, including freedom of speech and the free exercise of religious belief. [1] AAF "will continue to serve as a beacon for conservative ideas, a reminder to all branches of government of their responsibilities to the nation,"[2] and believes that the Constitution's protections of parental rights have been established beyond debate as an enduring American tradition. AAF files this brief on behalf of its 14,716 members in the Eleventh Circuit including 8,625 members in the state of New York.

Amici Able Americans; AFA Action; American Principles Project; American Values; Association of Mature American Citizens Action; Center for Political Renewal; Center for Urban Renewal and Education (CURE); Christian Law

---

[1] No counsel for a party authored this brief in whole or in part. No person other than *Amicus Curiae* and its counsel made any monetary contribution intended to fund the preparation or submission of this brief.

[2] Edwin J. Feulner, Jr., *Conservatives Stalk the House: The Story of the Republican Study Committee*, 212 (Green Hill Publishers, Inc. 1983).

Association; Christian Medical & Dental Associations; Christians Engaged; Coalition for Jewish Values; Cornwall Alliance for the Stewardship of Creation; Defense of Freedom Institute for Policy Studies; Eagle Forum; Faith and Freedom Coalition; Family Policy Alliance; Family Policy Institute of Washington; Frontline Policy Action; Global Liberty Alliance; Congresswoman (2013-2022) Vicky Hartzler; Intercessors for America; International Conference of Evangelical Chaplain Endorsers; James Dobson Family Institute; JCCWatch.org; Tim Jones, Former Speaker, Missouri House, Chairman, Missouri Center-Right Coalition; Maryland Family Institute; Men and Women for a Representative Democracy in America, Inc.; National Apostolic Christian Leadership Conference; National Association of Parents (d/b/a "ParentsUSA"); National Center for Public Policy Research; National Religious Broadcasters; Nevada Policy; New Jersey Family Policy Center; New York State Conservative Party; New Mexico Family Action Movement; Melissa Ortiz, Principal & Founder, Capability Consulting; Russell Kirk Center for Cultural Renewal; Setting Things Right; Southeastern Legal Foundation; Stand for Georgia Values Action; Students for Life of America; The Institute for Faith & Family; Tradition, Family, Property, Inc.; Wisconsin Family Action, Inc.; Women for Democracy in America, Inc.; Yankee Institute; and Young America's Foundation believe that the fundamental right of parents to direct the upbringing of

2

their children is essential to liberty and is deeply rooted in American tradition and practice.

## SUITABILITY FOR EN BANC REVIEW

Amici believe, based on a reasoned and studied professional judgment, that the panel decision is contrary to the decisions of the Supreme Court of the United States in *Meyer v. Nebraska*, 262 U.S. 390 (1923), *Parham v. J. R.*, 442 U.S. 584 (1979), and *Pierce v. Society of Sisters*, 268 U.S. 510 (1925), and that consideration by the full court is necessary to secure and maintain uniformity of decisions in this court.

Amici believe, based on a reasoned and studied professional judgment, that this appeal involves the following question of exceptional importance: whether the fundamental rights of parents to direct the upbringing of their children is subject to violation by the state without the possibility of meaningful judicial review.

**STATEMENT OF THE ISSUES MERITING EN BANC CONSIDERATION**

Whether the Littlejohns plausibly allege violations of their fundamental constitutional rights, without separately alleging that the school's actions "shocked the conscience"?

## STATEMENT OF FACTS

When parents send their children to school, they expect their children to be educated, not to have their authority undermined by willful school employees. In this case, the officials of Leon County Schools (LCS) encouraged the appellants' daughter to use a new name and pronouns to adopt an entirely new identity and sought to hide these important personal decisions from her parents. The school in this case was acting consistent with Guidance issued in 2018 by the District's LGBTQ+ Equity Committee, titled "LCS Lesbian, Gay, Bisexual, Transgender, Gender Nonconforming and Questioning Support Guide," which encouraged schools to engage in secretive social manipulation. These actions of the school, an arm of the state, violate parents' fundamental, constitutionally recognized right to direct the upbringing of their children. The district court's dismissal of the appellants' claims and the panel's decision upholding that ruling have denied the Littlejohns the opportunity to have their fundamental rights vindicated. This Court should grant the petition for rehearing en banc.

In this case, parents sued their daughter's school after school officials had conversations with the then-13-year-old child about her gender identity, began referring to her by alternative names and pronouns, and concealed these actions from the parents. First Amended Complaint for Declaratory Judgment and Damages,

*Littlejohn v. Leon County Schools*, No. 4:21-CV-00415, Document 38, (N.D. Fla. May 27, 2022).

As early as 1983, it seemed that "Our society and its educational institutions" had "lost sight of the basic purposes of schooling."[3] The school's decision in this case to encourage (and in some cases conceal from parents) students' social gender transition is a particularly astonishing example in today's educational context of American education's wayward direction.

In 2018, the District's LGBTQ+ Equity Committee issued "LCS Lesbian, Gay, Bisexual, Transgender, Gender Nonconforming and Questioning Support Guide" ("Guidance").[4] This Guidance "authorized LCS administrators and staff to exclude parents from critical decisions regarding their children's care, upbringing, and physical, emotional, and mental health." *Id.*, para 33.

The Guidance informs educators that parents do not need to be notified if their child is LGBTQ+ because notifying parents could be dangerous to the child's well-being if his or her parents are not sufficiently supportive. *Id.*, para 47. It says, regarding a child's belief that he or she is not a boy or girl or such distress they have about their biological sex, it is up to the minor student to decide whether the parents

---

[3] *A Nation at Risk* 5 (1983).

[4]*LCS Lesbian, Gay, Bisexual, Transgender, Gender Nonconforming and Questioning Support Guide*, Leon County Schools (last visited Apr. 28, 2025) https://www.politico.com/f/?id=0000017f-d30b-d9e9-a57f-d38b05900000.

should be notified. *Id.*, para 51. Further, concerning this issue of privacy, the question of with whom to share the student's gender identity is made on the basis of the student's assessment of whether his or her parents are supportive or not, and if not then the parents are not "entitled" to be notified. *Id.*, para 53. The section on privacy is in favor of the student having the authority to decide matters of disclosure. *Id.*, para 59.

The Guidance's utter disregard for the authority of parents is inconsistent with the most basic moral norms upon which our society is based. Unless school officials are prepared to make a claim that a child is being abused as defined by law, they have no right to insert themselves between parents and their children. The actions of Leon County Schools officials in this case directly conflict with one of the most ancient liberties of parents: to direct the upbringing, education, and care of their children. The Court should grant the petition for rehearing en banc.

## ARGUMENT

I.    **The Actions of the Leon County Schools' Officials in this Case Flout the Fundamental Right of Parents to Direct the Upbringing, Education, and Care of Their Children.**

A.    *The Supreme Court, this Court, and the Supreme Court of Florida have all recognized the fundamentality of parental rights in the education and raising of children.*

The Florida Supreme Court has consistently recognized that a parent's liberty interest in child rearing and education is indeed fundamental and "demands the compelling state interest standard." *Von Eiff v. Azicri,* 720 So. 2d 510, 513 (Fla.

1998). Appeals Courts of Florida have also recognized that the "parents have a fundamental liberty interest…in determining the care and upbringing of their children." *W.W. v. Dep't of Children & Families,* 218 So. 3d 490, 493 (Fla. 1st Dist. 2017). This Court has recognized that, as a general matter, parents have the freedom "to inculcate one's children with values and standards which the parents deem desirable." *Arnold v. Board of Education,* 880 F.2d 305, 313 (11th Cir. 1989). Further, the precedent of the Florida Supreme Court and this Court are consistent with a long line of U.S. Supreme Court cases that have found a parental rights doctrine rooted in the First and Fourteenth Amendments of the U.S. Constitution. *See, e.g.*, *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923) ("While this court has not attempted to define with exactness the [due process] liberty . . . Without doubt, it denotes . . . the right of the individual to . . . marry, establish a home and bring up children."); *Pierce v. Society of Sisters*, 268 U.S. 510, 534-35 (1925) (finding that the act challenged in that case, "unreasonably interferes with the liberty of parents and guardians to direct the upbringing and education of children under their control."); *Wisconsin v. Yoder*, 406 U.S. 205, 214 (1972) (citing *Pierce*, 286 U.S. at 535) ("[A] State's interest in education . . . is not totally free from a balancing process when it impinges on fundamental rights and interests, such as those specifically protect by the Free Exercise Clause of the First Amendment, and the traditional interests of parents with respect to the religious upbringing of their children.").

There is no constitutional justification for school officials to conceal from parents some of the most sensitive matters a family may face, except in the most extreme circumstances. For nearly a century, the Supreme Court has repeatedly affirmed the rights and responsibilities inherent in parenthood. *See Pierce*, 268 U.S. at 535 ("The fundamental theory of liberty upon which all governments in this Union repose excludes any general power of the State to standardize its children by forcing them to accept instruction . . . The child is not the mere creature of the State; those who nurture him and direct his destiny have the right, coupled with the high duty, to recognize and prepare him for additional obligations."); *Meyer*, 262 U.S. at 400 ("It is the natural duty of the parent to give his children education suitable to their station in life."); *Prince v. Commonwealth of Massachusetts*, 321 U.S. 158, 166 (1944) ("It is cardinal with us that the custody, care and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder . . . It is in recognition of this that these decisions have respected the private realm of family life which the state cannot enter.") *Yoder*, 406 U.S. at 232 (declaring that parental rights have been "established beyond debate as an enduring American tradition."); *Smith v. Organization of Foster Families*, 431 U.S. 816, 845 (1977) ("The liberty interest in family privacy has its source, and its contours are ordinarily to be sought, not in state law, but in intrinsic human rights, as they have been understood in 'this Nation's history and tradition.'") This

consistent and clear recognition of parental rights demands on the part of public educators a high regard for the will of parents.

B. *The significance of the disregard of parental rights in this case is evident when compared to the significant parental involvement in the schools' administration of medication to students.*

The Leon County Schools' policy on the distribution of medication to students demonstrates that they understand the importance of parental consent for even basic interventions. In the Leon County Schools, the distribution of all medications, prescription and over the counter, is closely controlled. Parents must authorize the school to give their child medication which must be dropped off at the school in the original, labeled container.[5] The school personnel may only administer the medication when they have in writing the authorization form of the parent on the Medication Permission Form.[6] Any changes to "medication times or dosage can only be made by written prescription of the physician," and permission forms are only valid for the current school year.[7]

In contrast to Leon's meticulous medication policy, the Guidance requires almost no parental input and the school officials in this case sought none. As

---

[5] *Leon County Schools Medication Permission Form*, Leon County Schools (last visited April 28, 2025) available at https://www.leonschools.net/cms/lib/FL01903265/Centricity/Domain/1091/Medication-Permission-form.pdf.

[6] *Id.*

[7] *Id.*

discussed above, parents are not to be consulted on issues regarding the student records for students and the Guidance feigns support for parental involvement in other issues of student gender transition. In reality, parents may be kept completely in the dark as school officials coax their children into deep personal confusion. In cases like the one before this Court, students may be allowed to choose new names and demand the use pronouns of the opposite gender or contrived pronouns wholly unconnected to reality, all while school officials encourage those children to lie to their parents, supposedly for their safety. We used to know that when someone told a child, "don't tell mommy and daddy about this," something bad was almost certain to follow. But at the time relevant to this case, apparently, this approach was the normal course of business for officials at Leon County Schools.

Unless school administrators are prepared to make the serious claim that a parent is abusing his or her child, they have no business involving themselves in the raising of children without parental consent. Representatives of the state cannot simply claim that they are acting in the best interest of the child and on those grounds insinuate themselves between the parents and their children. *See Quilloin v. Walcott*, 434 U.S. 246, 255 (1978) ("We have little doubt that the Due Process Clause would be offended if a State were to attempt to force the breakup of a natural family, over the objections of the parents and their children, without some showing of unfitness and for the sole reason that to do so was thought to be in the children's best interest.").

12

Nor can school officials hide behind the supposed consent of the children in this case. *See Parham v. J. R.*, 442 U.S. 584, 602-603 (1979) ("Simply because the decision of a parent is not agreeable to a child or because it involves risks does not automatically transfer the power to make that decision from the parents to some agency or officer of the state."). The child in this case was thirteen years old. She would not be allowed to provide consent for taking medication at school. She cannot legally consent to sexual activity. Contracts with minors may be voidable. She would be tried as a minor in a criminal context. The school's decision to encourage students to socially transition without their parents' knowledge or consent is as reprehensible as it is illegitimate.

In a speech at Hillsdale College, then-Secretary of Education Betsy DeVos said "the family [is a] sovereign sphere... A sphere that predates the government altogether. It's been said, after all, that the family is not only an institution; it's also the foundation for all other institutions."[8] The right of parents to raise their children, barring extraordinary circumstances, is just as old as the institution of the family and has long been recognized by the Supreme Court as protected by the United States Constitution. By encouraging minor students to socially transition in this case, the Leon County Schools administrators trampled over that fundamental right.

---

[8] Virginia Aabram, *Secretary of Education Betsy DeVos Speaks at Hillsdale*, (Oct. 22, 2022) https://hillsdalecollegian.com/2020/10/secretary-of-education-betsy-devos-speaks-at-hillsdale/.cite

The right of parents to direct the upbringing of their children is of great importance and is fundamental to the liberty government exists to protect. This Court should grant the petition for en banc review to ensure that the Constitution's guarantees of freedom are more than mere "parchment barriers"[9] against government power.

## CONCLUSION

This Court should grant the parents' position for rehearing en banc.

Respectfully submitted,

/s/ J. Marc Wheat
J. Marc Wheat
Advancing American Freedom, Inc.
801 Pennsylvania Avenue, N.W.
Suite 930
Washington, D.C. 20004
(202) 780-4848
mwheat@advancingamericanfreedom.com

*Counsel for Amicus Curiae*

---

[9] The Federalist No. 48 at 256 (James Madison) (George W. Carey and James McClellan, eds., The Liberty Fund 2001).

14

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) and Fed. R. App. P. 29(d) because:

This brief contains 2,680 words, including footnotes, but excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

DATED:    April 29, 2025                    /s/ J. Marc Wheat
                                            J. Marc Wheat

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2025, I electronically filed the foregoing brief with the Clerk for filing and transmittal of a Notice of Electronic Filing to the participants in this appeal who are registered CM/ECF users.

DATED:     April 29, 2025                    /s/ J. Marc Wheat
                                            J. Marc Wheat

16