Case No. 23-10385

_____

# In the United States Court of Appeals
# For the 11th Circuit

_____

JANUARY LITTLEJOHN, et al.,

*Plaintiffs – Appellants,*

v.

SCHOOL BOARD OF LEON COUNTY, FLORIDA, et al.,

*Defendants – Appellees.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA, TALLAHASSEE DIVISION
THE HONORABLE MARK E. WALKER
CASE NO. 4:21-cv-415

_____

**BRIEF OF *AMICUS CURIAE* PARENTAL RIGHTS FOUNDATION IN
SUPPORT OF PLAINTIFFS – APPELLANTS PETITION FOR
REHEARING EN BANC**

_____

William A. Estrada
Attorney for Parental Rights Foundation
One Patrick Henry Circle
Purcellville, Virginia 20132
(540) 751-1200
will@parentalrights.org
*Counsel for Amicus Curiae Parental Rights Foundation*

No. 23-10385

*January Littlejohn, et al. v. School Board of Leon County Florida, et al.*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Amicus curiae Parental Rights Foundation is a nonprofit corporation, and does not issue stock, and is neither owned by nor is the owner of any other corporate entity, in part or in whole. Amicus curiae does not have any parent corporation, subsidiary, affiliate, or member that has issued shares or debt securities to the public, nor is there any publicly held company that owns 10% or more of amicus curiae's stock. Amicus curiae is operated by a volunteer board of directors.

Pursuant to this Court's Local Rules 26.1-1 through 26.1-3, Amicus Curiae certifies that the name of each person, attorney, association of persons, firm, law firm, partnership, nonprofit organization, and corporation that has or may have an interest in the outcome of this action — including subsidiaries, conglomerates, affiliates, parent corporations, publicly-traded companies that own 10% or more of a party's stock, and all other identifiable legal entities related to any party in the case is limited to the following:

1. Able Americans – Amicus Curiae

2. Advancing American Freedom, Inc. – Amicus Curiae

3. Alabama Center for Law and Liberty – Amicus Curiae

4. Alliance Defending Freedom – Amicus Curiae

5.  American Principles Project – Amicus Curiae

6.  American Values – Amicus Curiae

7.  Anderson, Katherine L. – Counsel for Amicus Curiae

8.  Anderson, PhD, Dr. Erica E. – Amicus Curiae

9.  Antonin Scalia Law School Supreme Court Clinic – Counsel for Appellants

10. Bell, Daniel W. – Counsel for Amicus Curiae

11. Berg, Luke N. – Counsel for Amicus Curiae

12. Broyles, Vernadette – Counsel for Appellants

13. Center for Political Renewal – Amicus Curiae

14. Center for Urban Renewal and Education (CURE) – Amicus Curiae

15. Child and Parental Rights Campaign – Counsel for Appellants

16. Christian Law Association – Amicus Curiae

17. Christians Engaged – Amicus Curiae

18. Clark, Matthew J. – Counsel for Amicus Curiae

19. Claybrook LLC – Counsel for Amicus Curiae

20. Claybrook, Jr., Frederick W. – Counsel for Amicus Curiae

21. Coalition for Jewish Values – Amicus Curiae

22. Concerned Women for America – Amicus Curiae

23. Congresswoman Vicky Hartzler – Amicus Curiae

24. Consovoy McCarthy PLLC – Counsel for Appellants

25. Cornwall Alliance for the Stewardship of Creation – Amicus Curiae

26. Corrigan, Christian B. – Counsel for Amicus Curiae

27. Delaware Family Policy Council – Amicus Curiae

28. Dewart, Deborah J. – Counsel for Amicus Curiae

29. Dhillon Law Group, Inc. – Counsel for Amicus Curiae

30. Dr. James Dobson Family Institute – Amicus Curiae

31. Eagle Forum – Amicus Curiae

32. Estrada, William A. – Counsel for Amicus Curiae

33. Ethics & Public Policy Center – Counsel for Amicus Curiae

34. Faith and Freedom Coalition – Amicus Curiae

35. Family Foundation – Amicus Curiae

36. Family Policy Institute of Washington – Amicus Curiae

37. First Liberty Institute – Counsel for Amicus Curiae

38. Fitschen, Steven W. – Counsel for Amicus Curiae

39. Frontline Policy Action – Amicus Curiae

40. Global Liberty Alliance – Amicus Curiae

41. Goldwater Institute – Amicus Curiae

42. Hanna, Rocky – Appellee

43. Harmon, Terry J. – Counsel for Appellee

44. Hasson, James. F. – Counsel for Appellants

45. Hetzel, Jeffrey S. – Counsel for Appellants

46. Illinois Family Institute – Amicus Curiae

47. Institute for Faith and Family – Amicus Curiae

48. International Conference of Evangelical Chaplain Endorsers – Amicus Curiae

49. Jones, Darryl – School Board Member

50. Kniffin, Eric N. – Counsel for Amicus Curiae

51. Knudsen, Austin – Counsel for Amicus Curiae

52. Lawkowski, Gary M. – Counsel for Amicus Curiae

53. Lawson Cox, Laurie – School Board Member

54. Littlejohn, January – Appellant

55. Littlejohn, Jeffrey – Appellant

56. Manhattan Institute – Amicus Curiae

57. Martinez, Abigail – Amicus Curiae

58. Mateer, Jeffrey C. – Counsel for Amicus Curiae

59. McAlister, Mary – Counsel for Appellants

60. Meehan, Taylor A.R. – Counsel for Appellants

61. Missouri Center-Right Coalition – Amicus Curiae

62. Moody, Ashley – Counsel for Amicus Curiae

63. National Association of Parents, Inc. d/b/a Parents USA (or) National Association of Parents, Inc. d/b/a ("ParentsUSA") – Amicus Curiae

64. National Center for Public Policy Research – Amicus Curiae

65. National Legal Foundation – Amicus Curiae

66. National Religious Broadcasters – Amicus Curiae

67. New Jersey Family Policy Center – Amicus Curiae

68. New Mexico Family Action Movement – Amicus Curiae

69. Nicolas, Marcus – School Board Member

70. Norris, Cameron T. – Counsel for Appellants

71. Oliveri, Robin – Appellee

72. Our Duty – Amicus Curiae

73. Pacific Justice Institute – Amicus Curiae

74. Parental Rights Foundation – Amicus Curiae

75. Project 21 Black Leadership Network – Amicus Curiae

76. Randall, Holly M. – Counsel for Amicus Curiae

77. Rodgers, Kathleen – Appellee

78. Russell Kirk Center for Cultural Renewal – Amicus Curiae

79. Russell, Keisha T. – Counsel for Amicus Curiae

80. Sandefur, Timothy – Counsel for Amicus Curiae

81. Sapir, Dr. Leor – Amicus Curiae

82. Sarelson, Matthew – Counsel for Amicus Curiae

83. Scharf-Norton Center for Constitutional Litigation – Counsel for Amicus Curiae

84. School Board of Leon County – Appellee

85. Seideman, Tina – Counsel for Amicus Curiae

86. Shapiro, Ilya – Counsel for Amicus Curiae

87. Shelton, Adam C. – Counsel for Amicus Curiae

88. Slanker, Jeffrey D. – Counsel for Appellees

89. Sniffen & Spellman, P.A. – Counsel for Appellees

90. Spellman, Michael – Counsel for Appellees

91. State of Montana, Florida and 19 Other States – Amicus Curiae

92. Students for Life of America – Amicus Curiae

93. Swafford Smith, Alva – School Board Member

94. The Center for American Liberty – Amicus Curiae

95. The Justice Foundation – Amicus Curiae

96. Thomas, Rachel – Appellee

97. Toney, Kayla A. – Counsel for Amicus Curiae

98. Torstensen, Jr., Peter M. – Counsel for Amicus Curiae

99. Trakas, Ernest – Counsel for Appellants

100.     Wagner, Vincent M. – Counsel for Amicus Curiae

101.    Walker, Hon. Mark E. – Chief U.S. District Court Judge

102.    Wheat, J. Marc – Counsel for Amicus Curiae

103.    Whitaker, Henry C. – Counsel for Amicus Curiae

104.    Wood, Rosanne – School Board Member

105.    Young America's Foundation – Amicus Curiae

Dated: April 30, 2025                          ____/s/ William A. Estrada_____
                                               Counsel for Amicus Curiae

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT ................................................................C-1

TABLE OF AUTHORITIES ................................................................... ii

INTERESTS OF AMICI AND SUITABILITY FOR EN BANC REVIEW ...........1

STATEMENT OF THE ISSUES FOR EN BANC REVIEW .................................3

STATEMENT OF FACTS .........................................................................4

ARGUMENT ..........................................................................................4

    I.    The Panel Applied the Wrong Standard of Review ..............................4

        A.    Parental Rights are Fundamental, Well Established, and Well Understood ..................................................5

        B.    Strict Scrutiny is the Correct Standard of Review for Fundamental Rights .......................................9

    II.    This Court's Past Precedent Supports Parents' Position.....................10

CONCLUSION ........................................................................................12

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Arnold v. Bd. of Educ. of Escambia County*,
    880 F.2d 305 (11th Cir. 1989) .......................................................11

*Cleveland Board of Education v. LaFleur*,
    414 U.S. 632 (1974).........................................................................7

*Crider v. Williams,*
    No. 21-13797, 2022 WL 3867541 (11th Cir. Aug. 30, 2022).......11

*Doe v. Kearney,*
    329 F.3d 1286 (11th Cir. 2003) ...................................................11

*Frazier ex rel. Frazier v. Winn*,
    535 F.3d 1279 (11th Cir. 2008) ...................................................11

*Leatherman v.*
    *Tarrant County Narcotics Intelligence and Coordination Unit,*
    507 U.S. 163 (1993).......................................................................11

*Lofton v. Secretary of Dept. of Children and Family Services,*
    358 F.3d 804 (11th Cir. 2004) .....................................................11

*Maddox v. Stephens,*
    727 F.3d 1109 (11th Cir. 2013) ...................................................11

*Meyer v. Nebraska,*
    262 U.S. 390 (1923)....................................................................5, 6

*Moore v. East Cleveland*,
    431 U.S. 494 (1977).........................................................................8

*Parham v. J. R.,*
    442 U.S. 584 (1979).........................................................................8

*Pierce v. Society of The Sisters of The Holy Names of Jesus And Mary,*
    268 U.S. 510 (1925).........................................................................6

*Prince v. Massachusetts*,
    321 U.S. 158 (1944).........................................................................6

*Quilloin v. Walcott,*
    434 U.S. 246 (1978).........................................................................8

*Reno v. Flores,*
    507 U.S. 292 (1993)..................................................................8, 10

*Santosky v. Kramer*,
    455 U.S. 745 (1982)......................................................................8

*Smith v. Organization of Foster Families,*
    431 U.S. 816 (1977)......................................................................8

*Stanley v. Illinois*,
    405 U.S. 645 (1978)...................................................................8, 9

*Troxel v. Granville*,
    530 U.S. 57 (2000).............................................................. 1, 4, 9

*Washington v. Glucksberg*,
    521 U.S. 702 (1997)..................................................................8, 10

*Wisconsin v. Yoder*,
    406 U.S. 205 (1972)..................................................................7, 10

## Statutes & Other Authorities:

U.S. Const. Amend. XIV ....................................................6, 9, 10, 11, 12

**INTERESTS OF AMICI AND SUITABILITY FOR EN BANC REVIEW**[1]

The Parental Rights Foundation (PRF) is a national, nonprofit, nonpartisan, advocacy organization with supporters in all fifty states.

PRF seeks to preserve the legal protection afforded to loving and fit parents to raise, nurture, and educate their children without undue state interference. Concerned with the erosion of this legal protection, PRF seeks to protect children by preserving the liberty of their parents. PRF furthers this mission by educating those in government and the public about the need to roll back intrusive state mechanisms that harm more children than they help, and about the need to strengthen fundamental parental rights at all levels of government.

The United States Supreme Court has repeatedly recognized and held that parents have a fundamental right to direct the care, custody, education, and control of their children. *See, e.g.,* most recently in *Troxel v. Granville*, 530 U.S. 57 (2000). Yet parents continue to encounter obstacles in exercising those rights—in schools, in hospitals, in their communities, and in the family court system. When government authorities refuse to recognize the Constitution as a limit on the exercise of its power,

---

[1] No party's counsel authored this brief in whole or in part; no party or party's counsel contributed money that was intended to fund preparing or submitting this brief; and no person—other than the amicus curiae, its members, or its counsel—contributed money that was intended to fund preparing or submitting this brief. All parties have consented to the filing of this brief.

1

the problem exacerbates. PRF submits this amicus brief because this case represents what is rapidly becoming all too-common in public schools: 1) school personnel ignoring the fundamental nature of parental rights; 2) school personnel believing they can encourage minor children to hide vital information from their parents; 3) school personnel encouraging children to disobey and ignore their parents' wishes; and 4) school personnel deceiving parents and hiding information about their own children from them.

## STATEMENT OF THE ISSUES FOR EN BANC REVIEW

Amicus curiae believes that the panel decision is contrary to the precedents of the United States Supreme Court and the precedents of this Circuit, and that consideration by the full Court is necessary to secure and maintain uniformity of decisions in this Circuit.

Amicus curiae believes that this appeal involves a question of the highest importance: are parental rights truly fundamental, and should strict scrutiny be applied when governmental actions infringe those fundamental rights?

## STATEMENT OF FACTS

Applying an official policy, a public school helped "gender transition" a minor child without the knowledge, participation, or consent of the minor child's parents. The Littlejohns, the parents of the minor child, sued, asserting their fundamental constitutional rights as parents to direct their children's "upbringing," "education," and "care." *Troxel v. Granville*, 530 U.S. 57, 65 (2000) (plurality). In a split decision, the panel said the Littlejohns failed to state a claim because, even if the school intentionally infringed their fundamental rights, its misconduct did not "shock the conscience."

The Court should hear this decision en banc to determine weighty matters regarding fundamental constitutional rights, parental decisions over a minor child, and the role of a public school in hiding important matters from the parents of a minor child.

## ARGUMENT

### I.    The Panel Applied the Wrong Standard of Review

The panel majority erroneously presupposed that the standard of judicial review varies depending on which branch of government is infringing upon a citizen's constitutionally protected liberty.   Operating under this erroneous presupposition, the panel majority failed to apply the standard of review required when the government interferes with a fundamental constitutional right. Thus,

instead of properly applying strict scrutiny to the State's action, the panel majority erroneously inquired into whether the government's conduct "shocked the conscience."

### A. Parental Rights are Fundamental, Well Established, and Well Understood.

The United States Supreme Court first examined the issue of parental rights over a century ago in *Meyer v. Nebraska,* 262 U.S. 390 (1923). In *Meyer,* the state of Nebraska made it unlawful to teach any subject in any language other than English. *Id.* Prior to the government's action in that case, no conflict existed between the state and parents. The reason no conflict existed is because deeply rooted historical and legal traditions of the nation recognized the family as the backbone of society. *See e.g.,* John Locke, Second Treatise of Civil Government, 1690, Sec. 56, Sec. 63. (authority "to govern the minority of their children" rests with parents); 1 W. Blackstone, Commentaries * 447; 2 J. Kent, Commentaries on American Law * 190 (recognizing that natural bonds of affection lead parents to act in the best interest of the children).

Political and social activism in the early 20th century sought to alter those deeply rooted historic views on family and government. The *Meyer* Court responded by holding that "it is the natural duty of the parent to give his children education suitable to their station in life." *Meyer,* at 400. The Court explained that "[t]he individual has certain fundamental rights which must be respected. ... [The

individual] cannot be coerced by methods which conflict with the Constitution — a desirable end cannot be promoted by prohibited means." *Id.* at 401.

*Meyer* recognized the family as the building block of society – rejecting Plato's musing that "children are to be common" as contrary to our nation's founding. *Id.* at 402. *Meyer* conclusively held that parental rights are a substantive due process right within the Fourteenth Amendment. *Id.* at 398.

Two years later the Court unanimously reaffirmed that parental rights are a substantive due process right within the Fourteenth Amendment. *Pierce v. Society of The Sisters of The Holy Names of Jesus And Mary,* 268 U.S. 510 (1925) (striking down an Oregon law requiring children between 8 and 16 to attend only public schools). Building upon the foundation laid in *Meyer,* the *Pierce* Court confirmed that "[t]he child is not the mere creature of the State; those who nurture him and direct his destiny have the right, coupled with the high duty, to recognize and prepare him for additional obligations." *Pierce,* at 535.

Later, in *Prince v. Massachusetts*, the Supreme Court again recognized parental rights stating:

> "It is cardinal with us that the custody, care and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder. . . . It is in recognition of this that these decisions have respected the private realm of family life which the state cannot enter."

321 U.S. 158, 166 (1944).

6

Thereafter, the Supreme Court in *Wisconsin v. Yoder,* decisively reaffirmed the fundamental nature of parental rights. 406 U.S. 205 (1972) (confirming "the fundamental interest of parents" in overturning convictions of Amish and Mennonite citizens convicted of violating Wisconsin's compulsory attendance statute). The Court said,

> "[t]he values of parental direction of the religious upbringing and education of their children in their early and formative years have a high place in our society. … Even more markedly than in *Prince*, therefore, this case involves the fundamental interest of parents, as contrasted with that of the State, to guide the religious future and education of their children. The history and culture of Western civilization reflect a strong tradition of parental concern for the nurture and upbringing of their children. This primary role of the parents in the upbringing of their children is now established beyond debate as an enduring American tradition." *Yoder*, 406 U.S. 205, 213-214, 232 (1972).

The panel majority's decision cannot be reconciled with the Supreme Court's decision in *Yoder*. If school officials knowingly contradict parents and hide vital information from them, there is no way that the parents can "guide the religious future and education of their children." *Id.* There is also no way that the parents can exercise "parental concern for the nurture and upbringing of their children." *Id.* The panel majority's reasoning undermines the Supreme Court's decision in *Yoder,* and the Supreme Court's recognition that parents, not government officials (even public-school teachers) are the ones with the "primary role … in the upbringing of their children…" *Id.* See also, *Cleveland Board of Education v. LaFleur*, 414 U.S. 632, 639-640 (1974) (confirming "freedom of personal choice in matters of marriage and

family life" as constitutionally protected liberties); *Moore v. East Cleveland*, 431 U.S. 494, 503-504 (1977) (holding that "the institution of the family is deeply rooted in this Nation's history and tradition."); *Smith v. Organization of Foster Families,* 431 U.S. 816, 845 (1977) (documenting the fundamental nature of liberty associated with family matters as deeply rooted in history and tradition of the American nation, predating even the Bill of Rights); *Quilloin v. Walcott*, 434 U.S. 246, 255 (1978) (confirming that "the relationship between parent and child is constitutionally protected"); *Stanley v. Illinois*, 405 U.S. 645, 651 (1978) (reaffirming the fundamental nature of parental rights); *Parham v. J. R.,* 442 U.S. 584, 602-604 (1979) (reaffirming the fundamental nature of parental rights, rejecting "any notion that a child is the mere creature of the State"); *Santosky v. Kramer*, 455 U.S. 745, 753, 760 (1982) (reaffirming "[t]he fundamental liberty interest of natural parents in the care, custody, and management of their child); *Reno v. Flores,* 507 U.S. 292 (1993); *Reno v. Flores,* 507 U.S. 292, 303-304 (1993) (confirming that parental rights must be respected as a constitutional limit on the exercise of state power, even if nonparents think they would do a better job making decisions for a child than the child's parents).

In *Washington v. Glucksberg*, the Supreme Court upheld the state of Washington's law banning assisted suicide. 521 U.S. 702 (1997). The Supreme

Court reaffirmed that parental rights are a fundamental right, and that courts must use strict scrutiny in reviewing governmental actions infringing upon parental rights:

> "In a long line of cases, we have held that, in addition to the specific freedoms protected by the Bill of Rights, the 'liberty' specially protected by the Due Process Clause includes the rights . . . to direct the education and upbringing of one's children. … The Fourteenth Amendment forbids the government to infringe 'fundamental' liberty interests *at all*, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." *Id.* at 720 - 721 (cleaned up).

And most recently, in the grandparent visitation case of *Troxel v. Granville*, 530 U.S. 57 (2000), the Supreme Court summed up almost a century's worth of precedence, stating,

> "[t]he liberty interest at issue in this case—the interest of parents in the care, custody, and control of their children—is perhaps the oldest of the fundamental liberty interests recognized by this Court. … In light of this extensive precedent, it cannot now be doubted that the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children. … The Due Process Clause does not permit a State to infringe on the fundamental right of parents to make childrearing decisions simply because a state judge believes a 'better' decision could be made." *Id.* at 65-66, 72-73.

### B. Strict Scrutiny is the Correct Standard of Review for Fundamental Rights

As demonstrated *supra,* parental rights are fundamental. And as a fundamental right, the correct standard of review is strict scrutiny: "The Fourteenth Amendment forbids the government to infringe 'fundamental' liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to

serve a compelling state interest." *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997) (cleaned up). In *Reno v. Flores,* 507 U.S. 292, 301-302 (1993) the Court said "the Fifth and Fourteenth Amendments' guarantee of 'due process of law' [] include[s] a substantive component, which forbids the government to infringe certain 'fundamental' liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." Using different terminology, but still standing for strict scrutiny, the Supreme Court explained this in *Wisconsin v. Yoder:*

> "The essence of all that has been said and written on the subject is that only those interests of the highest order and those not otherwise served can overbalance legitimate claims to the free exercise of religion. We can accept it as settled, therefore, that, however strong the State's interest in universal compulsory education, it is by no means absolute to the exclusion or subordination of all other interests." *Id.* at 215.

Parental rights are fundamental rights. As such, they require strict scrutiny analysis – no matter which branch of government is infringing on the citizen's constitutional liberty.

## II.    This Court's Past Precedent Supports Parents' Position

This Court has a rich history of protecting parental rights as fundamental, and of ensuring that parents do not lose their fundamental parental rights simply because they choose to enroll their children in a public school that is funded by their own tax dollars. See, *Frazier ex rel. Frazier v. Winn*,   (holding "a parent's right to interfere

10

with the wishes of his child is stronger than a public school official's right to interfere on behalf of the school's own interest") 535 F.3d 1279, 1284-1285 (11th Cir. 2008); *Arnold v. Bd. of Educ. of Escambia County*, 880 F.2d 305, 313 (11th Cir. 1989), *abrogated by Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163 (1993) (finding that "[w]ithin the constitutionally protected realm rests the parental freedom to inculcate one's children with values and standards which the parents deem desirable."); *Doe v. Kearney,* 329 F.3d 1286, 1292 (11th Cir. 2003) (reaffirming that "[p]arents have a fundamental right to the custody of their children, and the deprivation of that right effects a cognizable injury."); *Lofton v. Secretary of Dept. of Children and Family Services,* 358 F.3d 804, 812 (11th Cir. 2004) (confirming that "…Supreme Court precedent has long recognized that "the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children."); *Maddox v. Stephens,* 727 F.3d 1109, 1118-1119 (11th Cir. 2013) (quoting favorably many of the parental rights cases from the U.S. Supreme Court discussed *supra* in this *amicus curiae* brief); and *Crider v. Williams,* No. 21-13797, 2022 WL 3867541, at *9 (11th Cir. Aug. 30, 2022) (confirming that parental rights are clearly established "given the Supreme Court's continued emphasis on the paramount importance of parents' fundamental liberty interest in raising their children.").

In this case the Leon County School District and Leon County School District personnel believed that a "better" decision could be made concerning the names, pronouns, rooming assignments, and personal decisions of a thirteen-year-old minor child than the decisions made by the child's fit and loving parents. Under clear Supreme Court precedent, such interference with the fundamental rights of parents violates the Due Process Clause of the Fourteenth Amendment, no matter which part of the government infringes upon this liberty. Any notion otherwise profoundly misunderstands the historically fundamental nature of parental rights in our nation.

## CONCLUSION

This Court should grant rehearing en banc, and reverse the District Court, and rule for the parents.

Respectfully submitted this 30th Day of April, 2025,

/s/ William A. Estrada
Attorney for Parental Rights Foundation
One Patrick Henry Circle
Purcellville, VA 20132
(540) 751-1200
will@parentalrights.org

*Counsel for Amicus Curiae*

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) and Fed. R. App. P. 29(b)(4)because:

Pursuant to Fed. R. App. P. 32(g)(1), this brief contains 2,521 words, including footnotes, but excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

DATED:  April 30, 2025        /s/ William A. Estrada
                             *Counsel for Amicus Curiae Parental*
                             *Rights Foundation*

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2025, I electronically filed the foregoing brief with the Clerk for filing and transmittal of a Notice of Electronic Filing to the participants in this appeal who are registered CM/ECF users.

/s/ William A. Estrada
*Counsel for Amicus Curiae Parental Rights Foundation*