No. 23-10385-HH

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

JANUARY LITTLEJOHN, et al.,

*Plaintiffs-Appellants*,

v.

SCHOOL BOARD OF LEON COUNTY, FLORIDA, et al.,

*Defendants-Appellees.*

On Appeal from the United States District Court for the
Northern District of Florida No. 4:21-cv-415 (Walker, C.J.)

**REPLY IN SUPPORT OF
PETITION FOR REHEARING EN BANC**

Taylor A.R. Meehan
Cameron T. Norris
James F. Hasson
CONSOVOY MCCARTHY PLLC
ANTONIA SCALIA LAW SCHOOL
SUPREME COURT CLINIC
1600 Wilson Boulevard, Suite 700
Arlington, Virginia 22209
(703) 243-9423
cam@consovoymccarthy.com

Vernadette R. Broyles
Ernest G. Trakas
CHILD & PARENTAL RIGHTS
CAMPAIGN, INC.
5425 Peachtree Parkway, Suite 110
Peachtree Corners, GA 30092
(770) 448-4525

Mary E. McAlister
CHILD & PARENTAL RIGHTS
CAMPAIGN, INC.
P.O. Box 637
Monroe, VA 24574
(770) 448-4525

*Counsel for Plaintiffs-Appellants*

*Littlejohn v. School Board of Leon County, Florida*
Case No. 23-10385-HH

# CERTIFICATE OF INTERESTED PERSONS

The CIP in the appellants' petition, as supplemented by the appellees' response, is complete.

Dated: June 11, 2025                                     /s/ *Cameron T. Norris*
                                                        Counsel for Plaintiffs-Appellants

C-1 of 1

## TABLE OF CONTENTS

Certificate of Interested Persons ................................................................................ 1

Table of Authorities ................................................................................................... ii

Introduction ................................................................................................................ 1

Argument .................................................................................................................... 2

    I.    The school does not actually dispute this case's exceptional importance ....... 2

    II.    Rehearing is needed so the full Court, bound only by the Supreme Court's precedents, can reject the shocks-the-conscience test. ........................ 5

    III.    The panel's decision creates external and internal circuit splits. ..................... 7

Conclusion ................................................................................................................. 8

Certificate of Compliance ........................................................................................ 10

Certificate of Service ............................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Adams v. Sch. Bd. of St. Johns Cnty.*,
    57 F.4th 791 (11th Cir. 2022) (en banc) ................................................. 3

*Arnold v. BOE of Escambia Cnty.*,
    880 F.2d 305 (11th Cir. 1989) ................................................................ 3

*Browder v. Albuquerque*,
    787 F.3d 1076 (10th Cir. 2015) .............................................................. 7

*Cnty. of Sacramento v. Lewis*,
    523 U.S. 833 (1998) ................................................................................ 6

*Foote v. Ludlow Sch. Comm.*,
    128 F.4th 336 (1st Cir. 2025) .................................................................. 7

*Lange v. Houston Cnty.*,
    110 F.4th 1254 (11th Cir. 2024) (en banc) ............................................. 3

*Miller v. Davis*,
    2015 WL 10692640 (6th Cir. Aug. 26) ................................................... 3

*Nat'l Pork Producers Council v. Ross*,
    598 U.S. 356 (2023) ........................................................................... 5, 6

*Parents Protecting Our Child. v. Eau Claire ASD*,
    145 S.Ct. 14 (2024) ............................................................................ 1, 2

*Regino v. Staley*,
    133 F.4th 951 (9th Cir. 2025) ............................................................ 7, 8

*United States v. One 1978 Bell Jet Ranger Helicopter*,
    707 F.2d 461 (11th Cir. 1983) ................................................................ 4

*White v. Lemacks*,
    183 F.3d 1253 (11th Cir. 1999) .............................................................. 8

**Statutes**

Ala. Code §16-40A-5 .................................................................................. 3

Fla. Stat. §1001.42(8)(c)(7) ......................................................................... 3

Ga. Code §20-2-786(d)-(f) .......................................................................... 3

**Other Authorities**

11th-Cir.R.40-6 ................................................................................................4

FRAP 40 ..................................................................................................... 1, 2

*Whether You Like It or Not*,
  City Journal (2023), perma.cc/4UBH-AZJL.................................................3

# INTRODUCTION

*All three States* in this circuit are asking this Court for en-banc review. Fla.-Reh'g-Br. So are 81 other diverse amici, from Alliance Defending Freedom to a transgender psychologist who transitions children. Anderson-Reh'g-Br. They understand, like Justices Thomas and Alito, that schools' power to secretly transition kids is a "question of great and growing national importance." *Parents Protecting Our Child. v. Eau Claire ASD*, 145 S.Ct. 14 (2024) (dissental). So while the school's opposition spends many pages debating the merits, it spends no pages denying their "exceptional importance." FRAP 40(b)(2)(D).

The school's confidence about the merits shouldn't persuade the full Court—it didn't even persuade *the panel.* The school needs the Supreme Court, in a footnote of a case about accidental police deaths, to have required all executive infringements of fundamental rights to shock the conscience. But Judge Tjoflat thought that reading was wrong. And Judge Newsom thought that reading was "no[t] clear," was "discordant" with later precedent, and had "[g]oofy" implications. Newsom-Conc.14-15. Though he felt constrained, he called the result "totally bizarre" and "shameful" for the Littlejohns. Newsom-Conc.15, 1. And he called the precedent a "mess." Newsom-Conc.8.

Though it might be tempting to blame this "mess" on "substantive due process" and urge the Supreme Court to fix things, the Littlejohns respectfully ask for rehearing. Circuits have their own duty to faithfully interpret the Supreme Court's substantive-due-process approach to fundamental rights. And as the school concedes, the panel's

1

rule doesn't even cabin substantive due process: It just arbitrarily denies relief to certain plaintiffs on certain fact patterns. Opp.16. It also makes the law less principled by expanding the most subjective doctrine of all: "'th' ol' 'shocks-the-conscience' test.'" Newsom-Conc.5. That test is especially inappropriate here, where the school applied an official policy and denied core parental rights that exist even under the original Constitution. Pet.5; PRF-Reh'g-Br.5. The consequences for the next frontier of gender-identity extremism are alarming. *See* Pet.15-16.

The Littlejohns respectfully ask the full Court to grant their petition.

## ARGUMENT

This Court goes en banc when a panel resolves "questions of exceptional importance," contradicts the "Supreme Court," or creates intracircuit or intercircuit "conflicts." FRAP 40(b)(2)(D), (C), (A)-(B). Any one of those grounds justifies rehearing. But this case is the rare one that presents them all.

I. **The school does not actually dispute this case's exceptional importance.**

Though the school stresses why it should have won, it never explains how the merits aren't crucially important. Whether public schools violate "parents' 'fundamental constitutional right[s]'" when they secretly transition children is self-evidently "importan[t]." *Parents Protecting*, 145 S.Ct. at 14 (Alito, J., dissental). The answer will decide whether parents can recover when the state psychologically experiments on their child. DE-Reh'g-Br.3-8; APC-Reh'g-Br.5-7; MI-Reh'g-Br.3-13. That practice is widespread, DE-Reh'g-Br.8-9, and can be a matter of life and death, Martinez-Reh'g-Br.; Our-Duty-

2

Reh'g-Br. State legislation is not enough: The statutes are too general and mostly trust schools to police themselves, *e.g.*, Ala. Code §16-40A-5; Fla. Stat. §1001.42(8)(c)(7); Ga. Code §20-2-786(d)-(f); and they are vulnerable to federal-preemption arguments, *cf. Whether You Like It or Not*, City Journal (2023), perma.cc/4UBH-AZJL (explaining schools' and activists' arguments that secrecy is required by federal law). No wonder why all the relevant States are here supporting rehearing. Fla-Reh'g-Br. They recognize, consistent with this Court's practice, that doubtful decisions on important questions of gender identity should be resolved by the full Court. *E.g.*, *Adams v. Sch. Bd. of St. Johns Cnty.*, 57 F.4th 791 (2022); *Lange v. Houston Cnty.*, 110 F.4th 1254 (2024).

Nor does the school deny that the panel's decision has wide-ranging consequences. Taken together, the panel's holdings mean that a plaintiff challenging an "executive" deprivation of an "unenumerated" fundamental right will always lose, since "pretty much *nothing* shocks the conscience." Newsom-Conc.15-16. So if a state official removes a child because her parents refuse to support her transition, the parents lose. Pet.15-16. If a teacher sneaks a student to get an abortion, the parents lose. *Cf. Arnold v. BOE of Escambia Cnty.*, 880 F.2d 305 (11th Cir. 1989). Even if a county clerk refuses to issue marriage licenses to a same-sex couple, the couple loses. *Cf. Miller v. Davis*, 2015 WL 10692640 (6th Cir. Aug. 26). After all, custody, parental rights, and marriage are all unenumerated; and none of these defendants were being "'malicious.'" Panel-Maj.24.

The school's only response is that the Littlejohns somehow forfeited "[e]very argument." Opp.15. But as the school admits, it argued forfeiture to the panel, Opp.14

3

(citing Red-Br.10-17), yet the panel reached the merits. The panel held that the school's conduct was executive, that the Littlejohns had to satisfy the shocks-the-conscience test, and that they failed it. Those "precedent-setting" holdings create the need for rehearing. 11th-Cir.R.40-6. Once granted, the full Court will agree that nothing was forfeited. The Littlejohns pressed each claim below: that they challenged the application of an official policy, *e.g.*, R.57 at 24-25, 27, 12, 14-21; that their claim should be analyzed under the fundamental-rights cases, *e.g.*, R.57 at 26-34, 38-46; and that their claims satisfied any test, *e.g.*, R.57 at 36-40. Contra the school, Opp.14, the Littlejohns argued at length that the school's conduct shocked the conscience because it was deliberate, *e.g.*, R.57 at 36-40; Blue-Br.17-18, 20-35. Litigants can't forfeit the legal standard anyway. *United States v. One 1978 Bell Jet Ranger Helicopter*, 707 F.2d 461, 462 (11th Cir. 1983).

While the panel thought the Littlejohns "waived any general challenge" to the school's 2018 guide, Panel-Maj.19, that point has no bearing on rehearing. It concerns only the sub-issue of whether the school's conduct is legislative or executive. The Littlejohns' main argument is that the shocks-the-conscience test *never* applies to infringements of fundamental rights. But even on the legislative-versus-executive issue, the Littlejohns challenged the "*application* of the Guide" in force at the time, as both the panel and school concede. Panel-Maj.18-19 n.8; *accord* Opp.2 (school conceding it acted "under the … Guide"). The Littlejohns' point is that all applications of official policy should be treated as legislative. Pet.13-14.

4

**II.** **Rehearing is needed so the full Court, bound only by the Supreme Court's precedents, can reject the shocks-the-conscience test.**

Though the school is sure that *Lewis* required the panel to apply the shocks-the-conscience test, the panel did not share that confidence. Judge Tjoflat disagreed fully. And Judge Newsom thought *Lewis* "provides no ready answers." Newsom-Conc.6, 8-12. He joined a majority opinion that, as the school concedes, turned not on *Lewis* but on how another panel applied *Lewis* in a qualified-immunity opinion called *Maddox*. Opp.11. That line of reasoning won't apply on rehearing, since mere panel precedents never bind the en-banc Court. Pet.10-11.

The school accepts that the panel's rule "makes *no* sense." Newsom-Conc.16. It agrees that the panel's rule favors some fundamental rights that satisfy *Glucksberg* over others, Opp.8-9—even though, for the States, all fundamental rights are substantive due process and none are enumerated. *See* Pet.14, 6. The school doesn't deny that the executive-versus-legislative distinction has no basis in "text." Newsom-Conc.16 & n.4. And it never denies that, in terms of which branch needs a laxer standard, the panel's preference for rogue executive actors is "exactly backwards." Newsom-Conc.18. The school's only response to these problems is, essentially, "yes but that's what *Lewis* requires." *See* Opp.12-13. But when a reading of one Supreme Court footnote leads to such "strange places," that reading is probably wrong. *Nat'l Pork Producers Council v. Ross*, 598 U.S. 356, 374 (2023).

5

Reading the Supreme Court's precedent de novo, the full Court can hold that "the same" standard governs "legislative and executive infringements of fundamental rights." Newsom-Conc.17-18. Under *Lewis*, conscience-shocking is required when executive actors deny someone life, liberty, or property *without* infringing a *Glucksberg*-qualifying fundamental right. *Lewis* says it was discussing "generalized" substantive due process because its facts—a police chase that killed someone—involved no *Glucksberg*-qualifying fundamental right. 523 U.S. 833, 842-44 (1998). *Lewis* favorably cites *Salerno* and *Graham*, which say the test is different for fundamental rights. *Id.* at 847, 842-44 & n.5. And the Court's concern that substantive due process will become a "font of tort law" makes sense because *Lewis* lets plaintiffs sue state actors for residual deprivations of life, liberty, or property; it makes no sense for plaintiffs who are asserting what all agree are "constitutional" rights that satisfy *Glucksberg*. *Id.* at 847 n.8. Just like opinions cannot be read like statutes, the Supreme Court's rule statements "must be read with a careful eye to context." *Nat'l Pork*, 598 U.S. at 374. Hence why every time the Supreme Court has considered alleged executive deprivations of fundamental rights since *Lewis*, it asked only whether the right is fundamental; *no* Justice asked whether the conduct shocked the conscience. *See* Pet.11 (discussing *Chavez* and *Muñoz*).

Even if the school's reading of *Lewis* were correct, rehearing would still be needed to narrow the scope of the panel's rule. The full Court could hold, like the First Circuit did, that the application of an official policy is "legislative." *Foote v. Ludlow Sch. Comm.*,

6

128 F.4th 336, 347 (1st Cir. 2025). The school agrees that its conduct would be legislative if it hadn't repealed the 2018 guide. Opp.16. But the school cannot explain why *the meaning of the Constitution* changes when a plaintiff seeks damages for the past application of an old policy, rather than an injunction for the future application of a current policy. Alternatively, this Court could hold that deliberate conduct that violates a fundamental right does shock the conscience. Pet.12. Then-Judge Gorsuch's opinion in *Browder v. Albuquerque* takes that approach. *See* 787 F.3d 1076, 1079-82 (10th Cir. 2015). These alternative paths would at least mitigate the damage of the panel's rule and would let the Littlejohns' case "procee[d]." *Id.* at 1083.

### III. The panel's decision creates external and internal circuit splits.

If more were needed, the panel's decision also splits with other circuits. If the Littlejohns lived in the First Circuit, then the school's application of its policy would have been legislative. *See Foote*, 128 F.4th at 346 (defining executive as "unmoored from any government policy"). And if the Littlejohns lived in the Ninth Circuit, then they would have won. *Regino v. Staley*, 133 F.4th 951 (9th Cir. 2025). These intercircuit splits over the law do not turn on differences in the cases. *Cf.* Opp. 7-8, 13-14. The panel admitted that the First Circuit defines executive action more "narrow[ly]." Panel-Maj.19-20 n.8. And the Ninth Circuit revived not just the parents' facial challenge, but also their "as-applied" challenge to the policy's past application to their child. *Regino*, 133 F.4th at 956-59, 967-68. The reason why that court expressed "no opinion" on the

7

shocks-the-conscience test is because the caselaw lets plaintiffs win "two" ways, including "solely under a fundamental rights theory." *Id.* at 960 n.5.

The panel's decision also leaves this Court's precedent a "mess." Newsom-Conc.8. The school admits that an en-banc precedent (*McKinney*), a circuit precedent (*Arnold*), and what it calls "dicta" from several other panels all state the Littlejohns' rule. Opp.10-11. The school claims that the Supreme Court abrogated *Arnold* in *Lewis*, but the test is whether *Lewis* "'clearly'" abrogated *Arnold*. Panel-Dis.49 n.23. *Lewis*, a case about accidental deaths, could not abrogate *Arnold*'s specific analysis of fundamental parental rights. The panel never held that it did. And in the first relevant case after *Lewis*, this Court reaffirmed *Arnold*'s rule. Panel-Dis.49 n.23. (Contra the school, *see* Opp.11, *White v. Lemacks* is not relevant because that prison-violence case did not involve or discuss fundamental rights. 183 F.3d 1253 (11th Cir. 1999).) Because *Arnold* is older and remains good law, a future panel could say that it trumps the panel's decision. Pet.10. That "jurisprudential dumpster fire," Newsom-Conc.15, is one that the full Court should put out.

## CONCLUSION

The Court should grant rehearing en banc.

8

Respectfully submitted,

Dated: June 11, 2025

*/s/ Cameron T. Norris*

Vernadette R. Broyles
Ernest G. Trakas
CHILD & PARENTAL RIGHTS
CAMPAIGN, INC.
5425 Peachtree Parkway, Suite 110
Peachtree Corners, GA 30092
(770) 448-4525

Mary E. McAlister
CHILD & PARENTAL RIGHTS
CAMPAIGN, INC.
P.O. Box 637
Monroe, VA 24574
(770) 448-4525

Taylor A.R. Meehan
Cameron T. Norris
James F. Hasson
CONSOVOY MCCARTHY PLLC
ANTONIA SCALIA LAW SCHOOL
SUPREME COURT CLINIC
1600 Wilson Boulevard, Suite 700
Arlington, Virginia 22209
(703) 243-9423
cam@consovoymccarthy.com

*Counsel for Plaintiffs-Appellants*

9

## CERTIFICATE OF COMPLIANCE

This brief contains 1,950 words, excluding the parts that can be excluded. This brief is prepared in a proportionally spaced face using Microsoft Word 2016 in 14-point Garamond font.

Dated: June 11, 2025                                         */s/ Cameron T. Norris*

## CERTIFICATE OF SERVICE

I e-filed this brief with the Court, which will automatically email everyone requiring notice.

Dated: June 11, 2025                                         */s/ Cameron T. Norris*